| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| CARL C. SPITALERI,<br>　　Debtor. | Case No. 05-94988 |
| | Judge Arthur I. Harris |
| ALAN J. TREINISH,<br>　　Plaintiff, | Adversary Proceeding<br>No. 06-1122 |
| v. | |
| MARILYN P. SPITALERI, *et al.*,<br>　　Defendants. | |

## MEMORANDUM OF OPINION

Before the Court is defendants' motion to dismiss (Docket #5) and plaintiff's response (Docket #8). At issue is the statute of limitations under Ohio's version of the Uniform Fraudulent Transfer Act. The defendants contend that a bankruptcy trustee's action to avoid an allegedly fraudulent transfer of real property is time barred if not brought with four years of the transfer or, if later, within one year of the recording of the deed. The plaintiff argues that the statute of limitations does not begin to run until a creditor or the trustee actually discovers the fraudulent nature of the transfer. For the reasons that follow, the defendant's motion is granted, and the complaint is dismissed.

## JURISDICTION

Fraudulent conveyance proceedings are core proceedings under 28 U.S.C.

§ 157(b)(2)(H). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND BACKGROUND

The parties do not dispute that on December 1, 1999, defendant-debtor Carl Spitaleri transferred his one-half interest in real property to his wife, defendant Marilyn Spitaleri, with whom Mr. Spitaleri had purchased the property in 1993. The transfer was recorded on December 1, 1999. Mr. Spitaleri filed his Chapter 7 petition on October 15, 2005.

The Chapter 7 Trustee brought this adversary proceeding on February 5, 2006, alleging that the transfer was fraudulent and seeking to avoid the transfer under 11 U.S.C. § 544(b) and O.R.C. § 1334.04(A)(1). The defendants timely filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012, in which they argue that the action is time barred because it was brought more than four years after the transfer was recorded. The plaintiff filed a response, and the defendants replied. The Court is now ready to rule.

## MOTION TO DISMISS STANDARD

In evaluating a 12(b)(6) motion to dismiss for failure to state a claim upon

2

which relief can be granted, a court construes the complaint in the "light most favorable to the plaintiff." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). The complaint must contain either "direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory." *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

## DISCUSSION

Section 544 of the Bankruptcy Code provides in pertinent part:

> (b) (1) . . . [T]he trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of [Title 11] . . . .

"[T]he section 544 'strong-arm' provision of the Code allows the trustee to 'step into the shoes' of a creditor in order to nullify transfers voidable under state fraudulent conveyance acts for the benefit of all creditors." *In re Fordu*, 201 F.3d 693, 698 n.3 (6th Cir. 1999) (citing *NLRB v. Martin Arsham Sewing Co.*, 873 F.2d 884, 887 (6th Cir. 1989)). Here, the trustee attempts to avoid defendant-debtor's

3

transfer pursuant to Ohio's Uniform Fraudulent Transfer Act, Chapter 1336 of the Revised Code. Specifically, the trustee points to O.R.C. § 1336.04(A)(1) – defining a transfer as fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor"– and § 1336.07 – allowing a creditor to avoid a transfer that qualifies as fraudulent pursuant to § 1336.04.

Because the trustee seeks to avoid the transfer under O.R.C. § 1336.04(A)(1), O.R.C. § 1336.09(A) governs the timeliness of the trustee's complaint. O.R.C § 1336.09 provides in pertinent part:

> A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 . . . of the Revised Code is extinguished unless an action is brought in accordance with one of the following:
> (A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or the obligation was or reasonably could have been discovered
> . . . .

Here, the transfer occurred in December 1999, but the trustee did not commence this adversary proceeding until February 2006, over six years later. Thus, the trustee's action is "extinguished" by O.R.C § 1336.09 unless the trustee can show that the transfer could not reasonably have been discovered before February 2005.

The trustee, however, does not argue that the transfer could not reasonably have been discovered when the transfer was recorded. Instead, the Trustee

4

contends that the statute of limitations does not begin to run until the alleged fraud is actually discovered. In support of his position, the Trustee cites *Stivens v. Summers*, 68 Ohio St. 421 (1903), and its progeny. These cases, however, are no longer good law because they rely upon a repealed fraudulent conveyance statute. The old statute contained a four-year limitation but also contained a savings clause, which expressly provided that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." Thus, courts consistently held that the statute of limitations did not commence until a creditor or bankruptcy trustee actually discovered the fraudulent nature of a transaction.

Ohio's Uniform Fraudulent Transfer Act, which became effective in September 1990, does not contain a similar savings clause. It instead specifically contemplates "constructive discovery" by permitting actions brought outside the four-year period only if they are brought "within one year after the transfer . . . was or reasonably could have been discovered." This differs from the old statute first, by focusing on the "transfer" rather than the fraudulent nature of the transfer, and second, by tying the statute of limitations to when the transfer "reasonably could have been discovered." Thus, under the current law, once a fraudulent transfer is made, an unsecured creditor – or trustee in bankruptcy – generally must bring a claim within four years of the transfer. A claim may be brought more than four

5

years after the transfer but only if it is brought within one year after the transfer "was or reasonably could have been discovered." *See James v. McCoy*, 56 F.Supp. 2d 919, 930 (S.D. Ohio 1998) (holding that claimant was barred from recovery because he failed to bring his claim within one year of discovery), *aff'd* 181 F.3d 101 (6th Cir. 1999); *see also Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 247-48 (2000).

Here, the transfer was recorded on December 1, 1999. A properly recorded deed gives constructive notice to all who claim an interest through or under the grantor by whom such deed was executed. *See Donson v. Comey & Shepherd, Inc.*, No. C-92015, 1993 WL 153196, *3 (Ohio Ct. App. Apr. 7, 2003) ("A duly recorded deed is constructive notice to subsequent purchasers of the information contained therein."); *Thames v. Asia's Janitorial Service, Inc.*, 81 Ohio App. 3d 579, 587 (1992) (same); *see also Emrick v. Multicon Builders, Inc.*, 57 Ohio St. 3d 107, 109 (1991) (unrecorded instrument could not give constructive notice); *Tiller v. Hinton*, 19 Ohio St. 3d 66, 68 (1985) (subsequent purchaser could not be charged with constructive notice of an easement outside purchaser's chain of title); *see generally* O.R.C. § 5301.25. Thus, the transfer "reasonably could have been discovered" on December 1, 1999, but the trustee's action was brought more than six years later. Therefore, the trustee's action is barred under O.R.C. § 1336.09,

6

06-01122-aih    Doc 11    FILED 05/09/06    ENTERED 05/10/06 14:24:15    Page 6 of 7

and the defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted. The statute of limitations for the plaintiff's action has run. Each party shall bear its own costs and attorneys' fees.

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge